## Emmert v. Emmert's Adm'x.

Oct. 19, 1943.

Paul Carter for appellant.

J. C. Carter, Jr., for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Reversing.

The trial court sustained a demurrer to the appellant's petition and dismissed it, and this appeal is from the judgment of dismissal.

The allegations of the petition were, in substance, that the appellant performed labor and rendered services to the appellee's decedent to the extent of $1,182.55 in the years 1938, 1939, 1940, and 1941 "at the special instance and request of the decedent and as per agreement and that the prices charged were reasonable; that a claim properly proven as required by law was filed with the appellee and demand made for payment."

A copy of the verified claim presented to the administratrix was filed with the petition as a copy of the account. This verified claim showed charges of $1,386.50, subject to a credit of $203.95. It was itemized to show charges for hauling with a truck, 123 days @ $10 per day during the years 1938, 1939, 1940 and 1941, amounting to $1,230; making three trips to Louisville with truck, $60; making two trips to Tennessee with truck, $30; making three trips to Tennessee with truck, $22.50; fourteen loads of wood, $42.

A motion was filed by the defendant to require the plaintiff to file an itemized statement, showing the dates and amounts of various charges and dates and amounts of credits and whether they were paid in cash or otherwise.

The plaintiff thereupon filed a pleading styled, "Response," which the court and the parties properly treated as an amended petition. This pleading itemized credits by stating the month and year in which payments were made, there being eight such credits. The truck hauling was alleged to consist of 46 days in 1938, 62 days in 1939, and 15 days in 1940. An itemized statement of account was filed, showing the months of the various years in which the hauling was done, the months in which

the trips were taken with the truck and the months in which loads of wood were furnished.

It was further alleged that books of account were kept by the decedent, which were in possession of the administratrix, but that she refused to permit the appellant access thereto and that he was unable to itemize the statement more definitely and that his statement might not be correct as to exact dates.

The judgment of dismissal recites that the petition was dismissed because of the plaintiff's failure and refusal to file a more accurate statement of his account and to indicate whether the credits were paid in cash, by check, or otherwise.

It seems clear to us that the petition stated a cause of action. It is true, as contended by the appellee, that Section 120 of the Civil Code of Practice provides that if an action be upon an account a copy thereof must be filed with the petition, but the account, itemized to the best of the plaintiff's ability, was filed.

It seems to be the position of the appellee that since the affidavit of the appellant's wife sustaining the verified claim filed with the administratrix stated that she kept a record of the services rendered, it was incumbent upon the appellee to file this record. But the code provision requires only a copy of the account to be filed. It may be that the appellant kept only a partial record or account. We know of no rule of law requiring that an account be kept as a condition precedent to a right of action. If a complete account is kept and the action is on the account, a copy thereof must be filed but an action may be maintained even if no record or account is kept.

The appellant itemized his account to the best of his ability. It was not essential that he show the particular day on which services were rendered and the particular method by which payments were made. The general rule on this subject, as stated in 1 C. J. S., Account, Action on, Section 8, page 591, is, "the items must be stated with as much particularity in respect to the date, character, and the amount of each item as the nature of the case and the ability of the claimant will allow." The appellant complied with this rule by itemizing his account to the best of his ability and his petition stated a cause of action.

Judgment reversed with directions for further proceedings consistent with this opinion.